## DAVID D. SMITH v. CITY OF ST. PAUL.[1]

November 10, 1911.

Nos. 17,306—(169).

**Priority of tax and local assessment liens in cities.**

Chapter 200, Laws 1905, is retrospective as well as prospective in its application to assessments for local improvements, and placed all assessment liens not held by purchasers at the date of its passage, whether prior or subsequent in point of time to state tax liens, upon a parity with the latter.

Application to the district court for Ramsey county by David D. Smith to register title to a certain city lot. The answer of defendant city of St. Paul alleged that during the years 1893 to 1900 it let contracts for the sprinkling of the street upon which the property abutted, the cost thereof being assessed against the lot; that the assessments being unpaid and delinquent, judgments were thereafter entered against the property; that these judgments had never been appealed from, modified or set aside, and were in full force and effect, and that, pursuant to the terms thereof, and in accordance with the provisions of the city charter the property was sold to the city for the

[1]Reported in 133 N. W. 74.

amounts of the judgments with costs; that certificates of sale were duly delivered by the city treasurer to said defendant, and that no redemption had ever been made. There were also allegations covering other judgments taken for certain other street improvements. The application was heard by Olin B. Lewis, J., who made findings and as conclusion found that the applicant was owner of the lot, subject to the rights and liens of defendant city, and that the liens of the city were of equal rank with the liens and with the tax title under which applicant acquired title. From an order denying applicant's motion to set aside the decision and for a new trial, he appealed. Affirmed.

*William G. White,* for appellant.

*O. H. O'Neill* and *J. P. Kyle,* for respondent.

LEWIS, J.

This action involves the construction of chapter 200, p. 255, Laws 1905. The act is entitled "An act regulating the rank and priority of liens for general taxes and assessments for local improvements in cities of more than fifty thousand inhabitants."

Section 1 is as follows: "That all assessments upon real property for local improvements made or levied by the proper authorities of any city of the state of Minnesota now or hereafter containing a population of over 50,000, according to the last national or state census, shall be a paramount lien upon the land upon which they are imposed from the date of the warrant issued for the collection thereof, and of equal rank with the lien of the state for taxes which have been or may be levied upon said property under the general laws of the state, and that the general rules of law as to priority of tax liens shall apply equally to the liens of such assessments and to such liens for general taxes with the same force and effect as though all of the liens aforesaid and all of the taxes and assessments aforesaid were of the same general character and imposed for the same purpose and by the same authority without regard to the priority in point of time of the attaching of either of said liens, and a sale or perfecting title under either shall not bar or extinguish the other."

Chapter 120, p. 145, Laws 1911, extended the law to all cities of the state, but its provisions are the same.

The applicant bought the land in question at the forfeited tax sale, November 12, 1910. Prior to that date he had no interest in the property. He perfected his tax title and obtained a Governor's deed. He then brought an action to quiet title against the record owner, and obtained a decree against him, and then instituted this registration proceeding; and the question involved is whether this chapter placed the then existing liens of the city of St. Paul for local improvements on a parity with the tax liens of the state. This chapter was considered in Gould v. City of St. Paul, 110 Minn. 324, 125 N. W. 273, and it was held that the act was constitutional, and had the effect to make the liens under city assessments and state taxes equal, and to abolish any priority between them. In that case, however, the assessment lien was later in point of time than the state lien; whereas, in the present case the assessment liens involved are prior in point of time.

Counsel for appellant insists that the act is prospective only, and was not intended to place assessment liens prior in point of time on a parity with liens for state taxes. In respect to assessments the language is, "all assessments" "for local improvements made or levied;" whereas, the phrase concerning general taxes is, "taxes which have been or may be levied." We consider the difference in language as immaterial, and that "all assessments made or levied" is equivalent to the expression "assessments which have been or may be levied."

The state had authority to waive priority of its own tax liens, and place them on a par with local assessment liens; and, conceding that the legislature could not interfere with the vested rights of purchasers, the present case does not involve such a case, and whether the act applies to such liens need not now be determined. The entire act is not unconstitutional, even if it may be when applied to assessment liens which had been sold at the time of the passage of the act. As pointed out in Gould v. City of St. Paul, there was a call for the change made by chapter 200, and the fact that the legislature extended the same provision to all the cities of the state by chapter 120, p. 145, Laws 1911, throws no particular light upon the ques-

tion. We discover no foundation for the suggestion of appellant that it had become a rule of property, so far as the city of St. Paul was concerned, by uniform decisions of the Ramsey county district court that a tax title was prior to an assessment certificate. One of the judges of that court decided, in this case, adversely to the views of the appellant, which indicates that there was no fixed rule of construction adopted by that court. The act applies to all assessments for local improvements, prior as well as subsequent in point of time, to state tax liens. Whether it applies to assessment liens which had been sold to purchasers at the time of its passage is not decided.

Affirmed.