[No. 2690.    May 29, 1923.]

## GALLEGOS v. ORTIZ, SHERIFF

### (SYLLABUS BY THE COURT.)

(1)    Chapter 73, Laws of 1921, which provides that no person, copartnership, or corporation shall engage in or carry on the business of compiling or furnishing abstracts of title to real estate, without first entering into a bond to the state of New Mexico in the sum of $3,000, construed, and held, to be valid.    P. 599.

(2)    Statutes, though imperfect in form, should be upheld and sustained by the courts, if they can be so construed as to give sensible effect and to render them of binding force.    P. 601.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Application by Acasio Gallegos for writ of habeas corpus, to be directed to Antonio C. Ortiz, Sheriff of Bernalillo Count, to obtain release from custody. From an order discharging the writ, applicant appeals. Affirmed.

W. A. Keleher, of Albuquerque, for appellant.

Ernesto B. Garcia, of Albuquerque, for appellee.

### OPINION OF THE COURT.

BRATTON, J.    Appellant was found guilty by the justice of the peace of precinct numbered 13, of Bernalillo county, of the offense of engaging in the business of compiling and furnishing abstracts of title to real estate, without first entering into a bond as required by chapter 73, Laws of 1921. He was remanded to the custody of the sheriff of Bernalillo county, to be kept and confined in the jail thereof until the fine imposed upon him, and all costs incurred in the prosecution, had been paid.

Thereafter he applied to the district court of that county for a writ of Habeas Corpus to obtain his release and discharge from such confinement. After a hearing the writ was discharged and the appellant was remanded to the custody of said sheriff until the fine and costs were paid.

[**1**] The act under which the appellant was convicted is in the following language:

"Section 1. Hereafter no person corpartnership or corporation shall engage in or carry on the business of compiling or furnishing abstracts of title to any real estate within this state without first entering into a bond to the state of New Mexico, for the use and benefit of any person who shall sustain loss or damage by reason of the failure of any such person, copartnership or corporation in the performance of his, their or its duty as such abstracter. Said bond shall be in the penal sum of $3,000.00 with a reliable surety company as surety, conditioned for the faithful performance of his, their or its duties as such abstracter, and shall be filed with and approved by the state corporation commission and which said bond shall be continued in full force and effect during the entire time such person, copartnership or corporation shall engage in the abstract business.

"Any person found guilty of violating the provisions of this act shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars for each of such offense."

Appellant first contends that this act is invalid because it does not define the duties of an abstracter; it does not limit the time within which the bond shall continue in effect; the conditions of the bond are not adequately provided; it does not provide the time within which the statute of limitations begins to run, nor does it expressly provide who may recover thereon—that is, whether those only who enter into contractual relations with the maker of such abstract, or whether a stranger to the title may recover thereon. We think these contentions are not well founded. The statute forbids any person, copartnership, or corporation from engaging in or carrying on the business of compiling or furnishing abstracts of title to real estate without first entering into a bond in the penal sum of $3,000. The payee in the bond is specified; the kind of surety to be given is prescribed; the amount of the bond is provided; the conditions of the bond are named; and the person for whose benefit it is given is expressly recited. By the plain terms of the statute the bond shall be made payable to the state of New Mexico. It shall be for the use and

benefit of any person who shall sustain loss or damage by reason of the failure of such abstracter or abstract company in the performance of his or its duty as such abstracter. It shall be signed by a surety company as surety thereon, and shall be conditioned for the faithful performance of his, their, or its duties as such abstracter, and shall be filed with and approved by the state corporation commission. It is further provided that the bond shall be continued in full force and effect during the entire time such person or firm shall engage in such business. This does not of necessity mean that one bond of a continuing character shall be obtained and furnished. It merely means that no person shall engage in such business at any time without then having in force and effect such a bond. Clearly, if a bond is given, and the full amount, or any part thereof, is paid, it would at once become the duty of such person, firm, or corporation to obtain another and a new bond before continuing further in the business of compiling or furnishing abstracts of title to real estate.

With regard to the contention that the act does not provide when limitation begins to run upon actions brought upon such a bond, this is a matter to be determined in a proper case where this issue is decisive. It is no defense in a case where a person has engaged in the buisiness without any effort to comply with the provisions of such statute to say that such a question might arise in a suit to recover upon such bond. And as to who may recover upon the bond, the statute clearly provides an answer to this contention. It is expressly provided that it shall be for the use and benefit of any person who shall sustain loss or damage by reason of the failure on the part of the abstracter. This clearly means a failure in the discharge of his duties with respect to the compilation or furnishing of such abstracts, such as defective or unskillful work in connection therewith, which results in loss or damage to any person who acts in reliance upon such ab-

stract. In the absence of statutory provisions to the contrary, the weight of authority is that an abstracter is liable for defective or unskillful work in compilation of an abstract only to those for whom he furnishes such abstract, or those with whom he has privity of contract in furnishing the same, and that he sustains no liability to others, even though they act in reliance upon such abstract and suffer loss or injury in so doing. 1 C. J. 368; 1 R. C. L. § 4, p. 98; Warvelle on Abstracts (4th Ed.) 7; Thomas v. Guarantee Title Co., 81 Ohio St. 432, 91 N. E. 183, 26 L. R. A. (N. S.) 1210; and the notes appended to Walker v. Bowman, Ann. Cas. 1912B, 839.

It was evidently the object and purpose of the Legislature, in the passage of the statute in question, to change this rule and to make abstracters liable to every person who, acting in faith and reliance upon an abstract so furnished, suffers a loss thereby. The purpose was to enlarge the liability of such abstracters, and to guard against loss by their insolvency by requiring them to give a surety bond as a protection or indemnity to all persons who might act in connection with title to lands as shown by such abstracts.

[2] But, even conceding that the act in question may be somewhat indefinite, and not as specific and complete as it might well have been, this does not destroy its effect, nor warrant a court in declaring it to be void. In 1 Lewis' Sutherland, Statutory Construction, p. 140, with which we fully agree, it is said:

"It is inevitable that some statutes should come from the hands of the Legislature with imperfections of various sorts. These imperfections may relate to minor matters, such as grammar, punctuations or rhetoric, or they may relate to substantial matters in the form of omissions, ambiguities and contradictions. It is undoubtedly the duty of a court to so construe a statute as to give it a sensible effect and make it of binding force."

It is lastly contended that the act is unreasonable and should be declared void on account thereof; that

it requires an abstracter or abstract firm to give a continuing bond; that the term of the bond is to be continuing, and that the liability thereon is unlimited; that a surety might be required to pay the full face thereof to one person, and afterwards be required to pay other and additional sums to subsequent persons. With this contention we do not agree. The extent to which the statute goes is to prohibit a person from compiling or furnishing abstracts without then having in force a bond in the sum and within the terms of the statute. The bond might be issued for a given period. As an illustration, it might be issued for one year. During that year the person or firm would be authorized to engage in the business. At the end of the year, when the bond, according to its face, expired, such firm would then be required to cease doing business, or obtain a new bond. If during the year the surety on such bond was required to pay the full face of the bond, or any part thereof, it would at once become the duty of such person or firm to either cease doing business, or to obtain a new bond complying with the terms of the statute before continuing in such business. The requirements of the law are fulfilled when such a person has at all times he is engaged in such business a bond in force and effect, in the sum and form prescribed by the act.

For these reasons, the judgment of the lower court is affirmed, and it is so ordered.

PARKER, C. J. and BOTTS, J., concur.