[No. 3113. May 5, 1927.]

CITY OF ALBUQUERQUE v. CITY ELECTRIC CO.

et al.

[258 Pac. 574.]

### SYLLABUS BY THE COURT

1. The power to levy special or local assessments is a branch of the taxing power.

2. The Legislature may provide that the lien of such taxes shall be paramount to all prior liens created by contract.

3. This may be done, although the statute declaring the priority was enacted subsequent to the lien by contract.

4. Where a tax debtor is obligated by contract to pave its tract zone, it can raise no objection to the assessment on account of alleged discrimination, or lack of benefits, and a mortgage must suffer the same consequence.

Appeal from District Court, Bernalillo County, Helmick, Judge.

Suit by the City of Albuquerque against the City Electric Company and another to foreclose liens. From a judgment for plaintiff, defendants appeal. Affirmed.

A. B. McMillen and Lawrence F. Lee, both of Albuquerque, for appellants.

---

[1] 28 Cyc p. 1103 n. 17 New. [2, 3] 28 Cyc p. 1202 n. 73. [4] 28 Cyc p. 1121 n. 7; p. 1202 n. 74.

402    SUPREME COURT OF NEW MEXICO

City Elec. Co. v. City of Albuquerque et al., 32 N. M.   401

H. B. Jamison, of Albuquerque, and Pershing, Nye, Tallmadge & Bosworth, of Denver, Colo., for appellee.

PARKER, C. J. This is a suit to foreclose liens brought by the city of Albuquerque, hereinafter styled plaintiff, against the City Electric Company, hereinafter styled defendant, arising out of the same paving program involved in the two companion cases just now discussed in Nos. 3111 and 3112 on the docket of this court. In these cases we have held that the present defendant is liable on contract for the cost of paving its track zone in the city of Albuquerque, and that there is no objection to chapter 152, Laws 1919, in so far as it has authorized the fixing of the lien upon the property of the defendant for the cost of such paving. In these cases, however, there was no discussion of the question of the relative priorty of the paving lien over prior incumbrances. It appears in this case that the defendant had executed a trust deed securing bonds in the sum of approximately $200,000 upon its property long prior to the institution of the paving program above referred to. At that time there was no statute giving to the paving lien any prority over prior incumbrances. By section 3, c. 152, Laws 1919, however, the Legislature provided that the pavng lien should "constitute a lien thereon, superior to any other lien or claim, except state, county and municipal taxes." The question, then, is as to whether it is competent for the Legislature to create a priority in favor of the city as against a prior valid mortgage upon the property of the street railway company.

In approaching the question, certain established principles of taxation are to be observed.

[1] 1. In the first place, the power to levy a special or local assessment is essentially a branch of the taxing power. 1 Page & Jones, Taxation by Assessment, § 8; 2 Cooley, Taxation (3d Ed.) p. 1153 et seq.

[2] 2. This being so, it is competent for the Legislature to provide that such taxation shall be a lien

JANUARY TERM, 1927 403

City Elec. Co. v. City of Albuquerque et al., 32 N. M. 401

upon property paramount to prior liens by way of contract, mortgages, judgments, etc. 3 Cooley, Taxation (4th Ed) §1240; 2 Page & Jones, Taxation by Assessment, § 1058; Doremus v. Cameron, 49 N. J. Eq. 1, 22 A. 802; 2 Elliott, Roads and Streets (4th Ed.) § 749; Carstens v. Seattle, 84 Wash. 88, 146 P. 381, Ann. Cas. 1917A, 1070, and note; Provident Institution, etc., v. Mayor, etc., of Jersey City, 113 U. S. 506, 5 S. Ct. 612, 28 L. Ed. 1102; Seattle v. Hill, 14 Wash. 487, 45 P. 17, 35 L. R. A. 372, and note. See, also, article of Renzo D. Bowers in Yale Law Review for March, 1923, at page 460.

This proposition would seem to be thoroughly established by the authorities. It must be so because taxes are laid upon the res in the exercise of a high sovereign power, and all persons having an interest in the res must yield obedience to that power.

[3] 3. The fact that the law creating the priority of the tax was enacted after the mortgage was executed seems to be immaterial. The owner of the property and the mortgage alike are at all times subject to the taxing power of the state. Wabash East R. Co. v. East Lake, etc., Commissioners, 134 Ill. 384, 25 N. E. 781, 10 L. R. A. 285; Seattle v. Hill, 14 Wash. 487, 45 P. 17, 35 L. R. A. 372; Provident Institution, etc., v. Jersey City, 113 U. S. 506, 5 S. Ct. 612, 28 L. Ed. 1102.

It is only in states where retroactive statutes are forbidden that such laws are unconstitutional, as in Texas. Mellinger v. Houston, 68 Tex. 37, 3 S. W. 249.

[4] 4. It appears that the tax laid upon the defendant is in excess of the benefits received' and disproportionate to that laid upon abutting owners. Much argument is made in the brief to the effect that this renders the tax void. Counsel, however, have overlooked the fact that defendant is obligated by contract to do this paving. Under these circumstances, no question of benefits, discrimination, or confiscation can arise. If defendant has contracted to pay the cost of the pav-

404      SUPREME COURT OF NEW MEXICO

City Elec. Co. v. City of Albuquerque et al., 32 N. M.   401

ing, it must do so, regardless of the consequences to it. The contract stands in the way of defendant to raise any question in regard to the amount of the tax. See Milwaukee, etc., Co. v. State ex rel. Milwaukee, 252 U. S. 100, 40 S. Ct. 306, 64 L. Ed. 476, 10 A. L. R. 892. We have been unable to see how the mortgage is in any better position. If the mortgage may be made inferior to the tax, which seems to be thoroughly established, and if the defendant is not in a position to dispute the tax, then the mortgagee, holding as it does under the defendant, must suffer the same consequence. If defendant were not bound by contract, a different question might arise, a question we are not at liberty to discuss in this case.

It follows from the foregoing that the judgment of the court below was correct and should be affirmed, and it is so ordered.

PARKER, C.J., and BICKLEY, J., concur.