**187 P.2d 540**

**STATE v. SIFFORD.**

No. 5039.

Supreme Court of New Mexico.

Dec. 10, 1947.

J. S. McGarry, of Carlsbad, for appellant.

C. C. McCulloh, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

COMPTON, Justice.

On September 24, 1946, appellant and his companion, a girl of the age of 16 years, occupied a room together for the night at a tourist court near the city of Carlsbad. While there, on several occasions, appellant gave her intoxicating liquor. The girl lived in Carlsbad with her mother, and the unexplained absence from her home caused a search to be made to locate her. When found, about 5 o'clock the following morning, she was in an intoxicated condition.

From the judgment imposing sentence he brings this appeal, assigning the following as error:

"The court erred in refusing to direct a verdict for the appellant upon the ground that the appellant is charged with the offense of serving or giving liquor to a minor under the 1945 Statutes of the Laws of New Mexico."

Chapter 95, Laws of 1945, N.M.Sts., upon which the information is based, reads as follows:

"Section 1. That Section 61-1012 be amended to read as follows:

"61-1012. Selling or giving liquor to minors—'Minor' defined—(a) It shall be a violation of this act for any club, retailer, dispenser, bar-tender, waiter or servant or employee of any club, retailer or dispenser, or for any taxi driver, hotel employee or any other person, except the parent or guardian or spouse of any minor, or adult person into whose custody any court has committed such minor for the time, outside of the actual, visible personal presence of such minor's parent, guardian, spouse or the adult person into whose custody any court has committed such minor for the time, to do any of the following acts:

"(1) To sell, serve or give any alcoholic liquor to a minor."

Appellant seeks to clarify his position by contending (1) that Chapter 95, supra, is unenforceable as no penalty is provided and (2) that the subject of the act is not clearly expressed in its title, and is, therefore, void as violative of Section 16, Article 4, Constitution of New Mexico:

The title to Chapter 95 reads as follows:

"An Act Enacting 61-1012 of the 1941 Compilation, New Mexico Laws Relative to the Sale of Liquor to Minors."

It is, therefore, clear that Chapter 95, supra, amends Section 1202(a) Chapter 236, Laws of 1939, New Mexico Stat-

utes (Section 61-1012, 1941 Comp.) This amendment was effected by merely adding the word "spouse" following the word "guardian", thereby exempting the spouse from its provisions. This being an amendment, we must look to the original Act to determine whether there is a compliance with constitutional provision. The title to Chapter 236 reads as follows:

"An Act to codify and revise the laws prohibiting * * * sale of alcoholic liquor within the State of New Mexico; * * * Prescribing offenses" (Emphasis ours.)

Section 1202(a), Sub-section 1, of the original Act, prescribes the offense here prohibited, to wit:

"Serving, selling and giving intoxicating liquor to minors."

■ Thus it appears that the subject of the Act (Chapter 236), supra, is clearly embraced in the title. The penalty for the offense is found in Section 1707(a) of the original act. (61-1019, 1941 Comp.)

■ Appellant further contends that Chapter 236, supra, Sec. 1202(a) is unenforceable, as the minor was in the custody of an adult at the time of the alleged offense; hence, exempt from its provision.

In this contention appellant is mistaken. The statute makes it a criminal offense for named persons and all others except the parent or guardian or spouse of any minor, or adult person into whose custody any court has committed such minor for the time, outside the "actual, visible personal presence" of the persons excepted, to sell, serve or give any alcoholic liquor to a minor. It is not claimed by appellant that he sustains such legal relation to the minor as to come within these exceptions. There is no merit to this contention.

■ We have reviewed the record and find the verdict supported by substantial evidence.

The judgment is affirmed, and it is so ordered.

(Signed) J. C. Compton, Justice.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., having tried the case below, did not participate.