244 P.2d 1122

**FOWLER v. CORLETT et al.**

No. 5478.

Supreme Court of New Mexico.

May 29, 1952.

Irwin S. Moise, Albuquerque, Dean S. Zinn, Santa Fe, for appellant.

M. W. Hamilton, Chester A. Hunker, Santa Fe, for appellees.

SADLER, Justice.

The appeal is from a judgment entered in a declaratory judgment action sustaining

the constitutionality of L. 1951, c. 218, against challenge to the validity of the statute upon various constitutional grounds.

The facts are not in dispute. All facts, not admitted by the pleadings, were covered by stipulation at the trial. The first ground upon which it is said the statute mentioned is bad from a constitutional standpoint is because its subject matter is not expressed or embraced in its title contrary to the requirements of Const. art. 4, § 16. In order to decide this challenge to validity of the act it becomes necessary to quote the title of the act as well as title of L. 1949, c. 114, of which it is amendatory. The title of the later act, L. 1951, c. 218, reads as follows:

"An Act to Amend Section 4 of Chapter 114 of the Session Laws of 1949 (Being Section 61–1204 of New Mexico 1941 Compilation) Relating to Funds for the Commission on Alcoholism."

The title to L. 1949, c. 114, which the act just mentioned amends, reads as follows:

"An Act Creating a Commission on Alcoholism and Providing for the Appointment of Commission Members and Their Qualifications and Providing for Expenses in Connection With the Work of the Commission; Providing for the Election of Officers of the Commission; Prescribing the Duties and Powers of the Commission; Providing for Funds of the Commission; Providing for Gifts to Funds of the Commission; Prescribing the Appointment, Qualifications and Duties of the Executive Director of Commission; Providing for Custody and Control of Persons Committed Under This Act; Providing for Probation and Discharge of Persons Committed Under This Act; Providing for Voluntary Patients Applying for Treatment; Providing for Assistance Upon Request; Providing for Commitment Proceedings for Mentally Ill Persons in Custody of Commission; Providing for the Cost of Commitment and Support of Any Person Committed Under This Act; Providing for Reports to the Governor and the State Legislature; and Providing for Severability of the Provisions Hereof."

Although the appellant, who was the plaintiff below, argues earnestly that the statute in question, L. 1951, c. 218, is bad because of a defective title when tested by the constitutional requirement mentioned, we must overrule this claim of error. So much of the governing constitutional provision, art. 4, § 16, as is said to be violated by the questioned act, reads as follows:

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general ap-

propriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void."

We have in the past so often construed this provision in our constitution that it seems unnecessary to cite more than a few of the cases doing so. One of the earliest was State v. Ingalls, 18 N.M. 211, 135 P. 1177. It was followed a few years later by our decisions in State v. Gomez, 34 N.M. 250, 280 P. 251; State v. Sifford, 51 N.M. 430, 187 P.2d 540; Albuquerque Bus Co. v. Everly, 53 N.M. 460, 211 P.2d 127, and Crosthwait v. White, 55 N.M. 71, 226 P.2d 477.

As pointed out in State v. Ingalls, supra, in a quotation from Cooley's Const.Lim. (7th Ed.) 205, one of the primary purposes of this provision in state constitutions is to prevent fraud or surprise upon the legislature by means of hidden or concealed provisions in bills of which the title gives no intimation and which, accordingly, through inadvertence or carelessness, might be unintentionally adopted. Measured by this test we find no difficulty in inferring from the title to this act read against a background of the act it amends, State v. Sifford, supra, that one is going to find in it provision for levy of a tax for carrying on the work of the commission on alcohol-

ism. The very language of title to the amendatory act reciting it is to amend L. 1949, c. 114, and further that it relates "to Funds for the Commission on Alcoholism" could leave no one in doubt as to its purpose. The only means by which the legislature can with certainty raise "funds" being by taxation, it is not a violent assumption that such a means was contemplated here. There is no merit in Point One (1).

▆ The second defect said by the plaintiff to render the questioned Act bad is that it represents an unlawful delegation to the Bureau of Revenue of the taxing power possessed by the legislature. Counsel for plaintiff seize upon certain language in the amendatory act, L. 1951, c. 218, "That there is hereby authorized the levying and collecting of a tax on alcoholic beverages", etc., as affording conclusive proof that power to levy was conferred on the Bureau of Revenue. Standing alone there might be some merit in the contention. But read in connection with other language found in the amendment such a conclusion is neither compelled nor reasonably warranted. State v. Southern Pac. Co., 34 N.M. 306, 281 P. 29. The closing sentence of the amendment reads:

"That the Bureau of Revenue is authorized and directed to collect said tax *above provided for* in the manner now required by law for alcoholic beverages and shall deposit said sums

thus received with the State Treasurer to the use and benefit of the Commission on Alcoholism." (Emphasis ours.)

The language italicized in the quotation strongly reflects an understanding on the part of the legislature that it in fact previously had levied the tax whose collection it here is authorizing and directing. This manifestation of intent is not to be ignored. It is a serious act to strike down a statute as unconstitutional. Axiomatically, the courts are reluctant to do so. State ex rel. Lucero v. Marron, 17 N.M. 304, 128 P. 485; State ex rel. Sedillo v. Sargent, 24 N.M. 333, 171 P. 790; Gallegos v. Ortiz, 28 N.M. 598, 216 P. 502; Southern Pac. Co. v. State Corporation Commission, 41 N.M. 556, 72 P.2d 15; Moruzzi v. Federal Life & Casualty Co., 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407; Hutcheson v. Atherton, 44 N.M. 144, 99 P.2d 462. And where a statute reasonably is susceptible of two constructions, one of which will sustain its validity whereas the other would render it invalid, the former must be adopted. State ex rel. Clancy v. Hall, 23 N.M. 422, 168 P. 715; Asplund v. Alarid, 29 N.M. 129, 219 P. 786; State ex rel. Attorney General v. State Tax Commission, 40 N.M. 299, 58 P.2d 1204. An application of the principles mentioned leaves the statute assailed a valid enactment as against the claim that it represents an unwarranted delegation of legislative power.

It is next claimed the act is bad because it attempts to extend and incorporate the provisions of the Liquor Control Act, L. 1939, c. 236 by reference to its title only contrary to the provisions of Const. art. 4, § 18, reading:

"No law shall be revised or amended, or the provisions thereof extended by reference to its title only; but each section thereof as revised, amended or extended shall be set out in full."

It is said the levy of a tax "over and above the sum fixed in Section 902 of Chapter 236 of Session Laws of 1939" and the reference in the final sentence of the amendment quoted, supra, directing collection of the tax levied "in the manner now required by law for alcoholic beverages", constitutes an attempt to extend the provisions of the Liquor Control Act by reference "not to a title but to a chapter number," etc. Our former decisions in State v. Armstrong, 31 N.M. 220, 243 P. 333, and Yeo v. Tweedy, 34 N.M. 611, 286 P. 970, both are cited and portions of the opinion in each quoted. But a careful study of the cases discloses nothing that would require a holding that the statute under study is bad within the purview of Const. art. 4, § 18. Our decision in Tondre v. Garcia, 45 N.M. 433, 116 P.2d 584, and the cases there cited support trial court's action in denying this claim of invalidity.

Not having challenged successfully validity of the questioned Act on any of the grounds thus far advanced, counsel for plaintiff turns, at last, to still another claimed vice said to inhere in it, namely, that it is so "vague, indefinite and . uncertain," as to be "unenforceable." For instance, says plaintiff: "The statute uses the term 'alcoholic beverages.'" He then gravely inquires: "What is an alcoholic beverage!" In describing himself in the second paragraph of his complaint the plaintiff says he is "engaged in the wholesale liquor business (in Santa Fe) under the name and style of Santa Fe Beverage Company." So, if he doesn't know what an "alcoholic beverage" is, we simply are going to refuse to tell him.

As another instance of vagueness the plaintiff, with equal gravity, asks: "What is beer?" To be sure, he follows with the further inquiry: "Does the term include ale, stout, porter and other malt liquors?" Other cases of vagueness on a par with those mentioned are given but it is unnecessary to enumerate them. As pointed out by counsel for the defendant Commissioner, all of the terms said to be vague are fully and completely defined, either in the general laws of New Mexico relative to intoxicating liquors, or by the rules and regulations adopted by the Chief of the Division of Liquor Control. We think there will be no difficulty in administering the Act and fail to apprehend the dangers sensed by the plaintiff.

Finally, the Act is said to be bad because it denies due process and equal protection of the laws and amounts to double taxation. We are not impressed that either contention has merit. The levy is a blanket one against all alcoholic beverages. No group or class is taxed to the exclusion of any other group or class. Nor do we see any element of double taxation. State ex rel. Attorney General v. Tittmann, 42 N.M. 76, 75 P.2d 701, and Amarillo-Pecos Valley Truck Lines v. Gallegos, 44 N.M. 120, 99 P.2d 447.

We conclude that the challenged Act is good as against the claims of invalidity urged upon us. It would be somewhat ironical if we were compelled to hold bad legislation designed to compel the liquor industry to allocate an infinitesimal part of its profits toward salvage of human wrecks produced by an excessive use of the product it sells. Fortunately, in this instance, the situation does not warrant such a conclusion.

Finding no error, the judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and COORS, JJ., concur.