CITY OF ST. LOUIS, Respondent, *v.* RUDOLPH BIRCHER, Appellant.

### April 29, 1879.

1. Property taxed for revenue may be also subjected to a license-tax.
2. A hotel-license may be graduated by the number of rooms devoted to public accommodation; and it is not necessary, to justify the tax, that the number of rooms actually used should be proved.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
W. H. H. RUSSELL, for appellant.
LEVERETT BELL, for respondent.

LEWIS, P. J., delivered the opinion of the court.

The defendant was fined in the First District Police Court of the city of St. Louis for the violation of a city ordinance in keeping a hotel without a license. On appeal to the Court of Criminal Correction, the judgment was affirmed ; and the defendant thereupon appealed to this court.

The ordinance under which the fine was imposed is, in every aspect having relation to the municipal authority for its enactment, identical with the ordinances which were fully considered in the cases of *City of St. Louis* v. *Green*, 6 Mo. App. 591, and *City of St. Louis* v. *Sternberg*, 4 Mo. App. 453. These ordinances were all passed under authority of the same section in the city charter, and, as to any feature touching the question of their validity under the Constitution and laws of the State, are indistinguishable. The defendant raises a number of points against the validity of the ordinance in this case which were effectually disposed of in the cases referred to above. To review them here would involve a useless repetition of what has already been sufficiently said. Some arguments are introduced here, however, which escaped attention in the former cases. Many of them would be more appropriately addressed to a school of rhetoric. When the meaning of an enactment is obvious, it cannot be defeated by criticisms on its inelegant phraseology.

An assessment upon the value of certain property for a revenue-tax has no necessary connection with a license to carry on a particular business, in which the same property may be used. There is no double taxation, in an offensive sense, nor any injustice or oppression, as a mere matter of principle, in the exercise of municipal authority to raise revenue by both methods.

There is nothing unreasonable or oppressive in graduating the amount to be paid for a hotel-license by the number of rooms which may be devoted to the accommodation of the public. Nor is there any intelligible reason why the number of rooms actually occupied should be proved in order to justify the license-tax. The assessment is not upon the rooms, but upon the business of keeping a hotel.

Upon the whole, there is in this record no question meriting a detailed discussion, which is not conclusively settled in the Green and Sternberg cases already referred

to. Upon authority of those decisions, the judgment is affirmed. All the judges concur.