[No. 1526, October 4, 1913.]

STATE OF NEW MEXICO, Appellant, v. H. A. INGALLS, Appellee.

SYLLABUS (BY THE COURT)

1. The true test of the validity of a statute, alleged to contain two subjects, one of which is not clearly expressed in the title, in conformity with sec. 16 of art. IV of the Constitution, is whether the title fairly gives reasonable notice of the subject matter of the statute itself.

P. 219

2. The generality of a title to an act of the legislature is no objection to it so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment

can be construed as having a necessary or proper connection.

P. 220

3.   If there be more than one subject mentioned in the act, if they be germane or subsidiary to the main subject, or if relative directly or indirectly to the main subject, having a mutual connection, and are not foreign to the main subject, or so long as the provisions are of the same nature and come legitimately under one general denomination or subject the act is not unconstitutional.

P. 220

4.   `The law regulating the use of automobiles alone,. of all the vehicles which use the highway, is not invalid special legislation.

P. 221

5.   Sec. 3 of chapter 28, Session Laws of 1912, imposing license fees for automobiles, in excess of the expense of administering the act, is a revenue measure, and as such is a valid exercise of power by the legislature.

P. 222

6.   Double taxation in the objectionable and prohibited sense exists only 'where the same property is taxed twice when it ought to be taxed but once, and to consider such double taxation the second tax must be imposed upon the same property by the same state or government during the same taxing period.

P. 223

7.   There is no constitutional objection to the levy of a license tax for the privilege of carrying on a particular business and at the same time a tax on the property employed in the business.

P. 223

8.   The requirement of equality and uniformity in taxation applies only to taxes in the proper sense of the word levied

State v. Ingalls, 18 N. M. 211

with the object of raising revenue for general purposes, and not to such as are an extraordinary and exceptional kind, and is, under a constitutional provision providing for equality in taxation, to be restricted to taxes on property, as distinguished from such as are levied on occupations, business or franchises, and as distinguished also from exactions imposed in the exercise of the police power rather than that of taxation.

P. 224

9. Chapter 28, Session Laws of 1912, fixing an annual fee of $10 for a license fee for operating an automobile, is not unconstitutional, as a property tax imposed without regard to the value of the property on which it is made, but is a license tax, since the character of the tax is not determined by the mode adopted in fixing its amount.

P. 224

Appeal from the District Court of Chaves County; John T. McClure, District Judge; reversed and remanded with instructions to overrule the demurrer.

HARRY S. CLANCY, Assistant Attorney General, for appellant.

The subject of the act, "An Act to Provide for State License on Automobiles," is clearly expressed in its title. Session Laws 1912, chap. 28; Commonwealth v. Gregg, 161 Pa. 586.

The act in question is constitutional, viewed from any point. Cleary v. Johnston, 74 Atl. 538; Berry, Laws of Automobiles, par. 86; State ex rel. v. Hudson, 78 Mo. 302; State v. Hipp, 38 Ohio 225; State v. Unwin, 64 Atl. 163; 68 Atl. 110; Kane v. Titus, 80 Atl. 453.

Imposition of license fees for revenue purposes was clearly within the sovereign power of the state. City of Buffalo v. Lewis, 84 N. E. 809; People v. Schneider, 103 N. W. 172; Commonwealth v. Boyd, 74 N. E. 225; Mark v. District of Columbia, 37 L. R. A. (N. S.) 440, and note

on page 440; Constitution of N. M., art. VIII, secs. 1 and 2; Bill of Rights, sec. 18, Const. of N. M.; 4th and 5th Amendments to the Const. of the United States.

R. D. BOWERS, Roswell, N. M., for appellee.

Chapter 28, Laws 1912, is unconstitutional because it embraces more than one subject, and the subject of the act is not clearly expressed in the title. Sec. 16, art. IV, Const. N. M.; Cooley, Const. Lim. 97-99 and 171-83; Davis v. State, 7 Md. 151, 61 A. D. 331, and note; State v. Nomland, 3 N. D. 427, 44 A. S. R. 572; Ritchie v. People, 155 Ill, 98, 46 A. D. 315.

Contended that the amount is a tax and not a license fee imposed for regulation. Bailey v. People, 190 Ill. 28, 60 N. E. 98; Chaddock v. Day, (Mich.), 4 L. R. A. 809.

License is a permission to do something which, without the license, would not be allowable. Youngblood v. Sexton, 32 Mich. 419, 20 L. R. A. 654; Sinot v. Davenport, 63 U. S. (22 How.) 227, 16 L. Ed. 203; Sonora v. Curtin, 137 Cal. 535, 70 Pac. 674; Conklin Co. v. Chicago, 127 Ill. App. 103; Schmidt v. Indianapolis, 168 Ind. 637, 80 N. E. 632.

Under the police power the act must tend to the preservation of the lives, the health, the morals and the welfare of the community. Health Com. v. Rector, 145 N. Y. 32, 45 A. S. R. 579; Lawton v. Steele, 152 U. S. 133; N. O. Gas Co. v. La. Co., 115 U. S. 650; People v. Gillson, 109 N. Y. 389, 4 A. S. R. 465; Young v. Com., 101 Va. 853, 45 S. E. 327; State v. Cary, 126 Wis. 141, 105 N. W. 327.

Power to license is an essential part of the police power and, therefore, of the power to regulate. In re Guerrero, 69 Cal. 88, 101 Pac. 261; Vamsamt v. Harlem Co., 59 Md. 335; State v. Forcier, 65 N. H. 42, 17 Atl. 577; Com. v. Newhall, 164 Mass. 338, 41 N. E. 647; Hubman v. State, 61 Ark. 482, 33 S. W. 843; Cache County v. Jensen, 21 Utah 207, 61 Pac. 303.

The act does not attempt to regulate the business. Com.

v. Kingsbury, 85 N. E. 848, (Mass.) ; Nuller v. Jones, 80 Ala. 89; Fisher v. Brower, 159 Ind. 139, 64 N. E. 614.

Property rights cannot be invaded under the guise of a police regulation for the preservation of the health, safety or welfare of society when such is clearly not the purpose sought.    Bailey v. People, 190 Ill. 28, 60 N. E. 98; The Slaughter House Cases, 16 Wall. 36-37; State v. Moore, 22 L. R. A. 472 (9 N. Car.) ; St. Paul v. Traeger, 25 Minn. 248, 33 A. R. 462; Ex parte Braun, 74 Pac. 780.

The exaction in this act is a tax.    Tiedman, Federal Control of Persons and Property, vol. 1, page 495.

A license is made for regulation, but not a tax for revenue.    Cooley, Taxation, 396; Ellis v. Frazier, 38 Ore. 4621, 63 Pac. 642; Cooley Const. Lim. 245.

A tax is a charge upon persons or property to raise money for public purposes.    1 Cooley, Taxation, 1; Perry v. Washburn, 20 Cal. 350; Hanson v. Vernon, 27 Ia. 47.

A license is imposed to compensate for the expense of issuing certificates and probable expense of regulating and controlling the operation of the automobile licensed.    1 Cooley Taxation, 1141, and cases cited; Banta v. Chicago, 172 Ill. 204, 50 N. E. 233; Price v. People, 193 Ill. 114, 61, N. E. 844; 86 A. S. R. 306; Van Hook v. Selma, 70 Ala. 361, 45 A. R. 85; State v. Neineman, 80 Wis. 253, 27 A. S. R. 34.

Any excess over such expense becomes revenue and, consequently, is taxation.    Kans. City v. Grush, 151 Mo. 128, 52 S. W. 286; In re Guerrero, 69 Cal. 88, 10 Pac. 261; North H. Co. v. Hoboken, 41 N. J. L. 71.

Fee will be presumed reasonable unless the contrary appears upon the face of the law itself.    Atkins v. Phillips, 26 Fla. 281, 8 So. 429; Seattle v. Barto, 31 Wash. 141, 71, Pac. 735; Gamble v. Montgomery, 147 Ala. 682, 39 So. 353; The Laundry License Case, 22 Fed. 703.

Nature of the subject regulated determines the amount to be exacted and if the amount is out of proportion to the expense involved it will be declared a tax.    Ex parte Braun, 141 Cal. 204, 74 Pac. 780; Berry, Law of Automobiles, secs. 84 to 88.

"There is nothing in the business or proposed regulations for which the city is likely to incur any special expense." Laundry License Case, 22 Fed. 703; State v. Bean, N. Car. 554; Jacksonville v. Ledwith, 26 Fla. 163, 23 A. S. R. 574; P. C. & Ry. Co. v. State, 16 L. R. A. 380; Chicago v. Collins, 175 Ill. 445; Ellis v. Frazier, 53 L. R. A. 454; Johnston v. Macon, 62 Ga. 645; Livingston v. Paducah, 80 Ky. 656; Davis v. Petrinovich, 112 Ala. 654, 36 L. R. A. 615; Brooklyn v. Nodine, 26 Hun. 512; Ex parte Gregory, 20 Tex. App. 210; Joyce v. E. St. Louis, 77 Ill. 156.

The tax is not uniform upon the whole of the class. Livingston v. Paducah, 80 Ky. 656; Danville v. Shelton, 76 Va. 325; Worth v. Ry. Co., 89 M. Car. 291, 45 A. R. 679; St. Louis v. Spiegel, 75 Mo. 145; Ellis v. Frazier, 53 L. R. A. 454 (Ore.); Sims v. Jackson Parish, 22 La. Ann. 440; Woodbridge v. Detroit, 8 Mich. 301; Pittsburg, etc., v. State, 16 L. R. A. 380, (Ohio.)

Chapter 28 is void insofar as it imposes a tax of $10 in that said imposition is double taxation. Const. N. M., art. VIII, sec. 2; 1 Cooley Taxation, (3rd ed.) 394, et seq.; Ellis v. Frazier, 53 L. R. A. 454; Chicago v. Collins, 174 Ill. 445.

Act is void for indefiniteness, there being no provision made for regulation. Cooley Taxation, 1149; Mathews v. Jensen, 21 Utah, 207; Christy v. Elliott, 216 Ill. 31, 108 A. S. R. 196; Pittsburg Ry. v. State, 16 L. R. A. 380.

Act is violative of provisions of Federal Constitution and the Constitution of N. M., providing that no person shall be deprived of life, liberty or property without due process of law. Unwen v. State, 73 N. J. 529; Powell v. Penna., 127 U. S. 678; Meffert v. Medical Board, 1 L. R. A. (N. S.) 811; Quimby v. Hazen, 54 Vt. 139.

The act in question is unconstitutional in that it denies to automobile owners the equal protection of the laws. Berry, Law of Automobiles, sec. 41 and cases cited.

STATEMENT OF FACTS.

This case was instituted in the District Court of Chaves

County by the filing of an information against the appellee, charging him with unlawfully operating and maintaining an automobile contrary to the form of the statute. (Chapter 28, Session Laws 1912.)

To this information the appellee filed a demurrer, which being sustained, the cause was, brought to this Court upon appeal by the State.

## OPINION OF THE COURT.

HANNA, J.—The first ground of the demurrer is in substance that the act of the legislature upon which the information is based, chap. 28, Session Laws 1912, is unconstitutional for the reason that the act embraces more than one subject and the subject is not clearly expressed in the title. The title of the act is, "An Act to Provide for State License on Automobiles."

It is argued by appellee that the object of the act is two-fold: (a) To license automobiles, and (b) to raise revenue for road purposes. The statute in question, sec. 3, chap. 28, Session Laws of 1912, provides that,

"The fee for a license under this act shall be ten (10) dollars annually * * * * and such license fee shall be in addition to the ordinary property tax. * * * ** shall be paid to the Secretary of State * * * * and the said Secretary of State shall pay same over to the State Treasurer, who shall credit the amount thereof to the State Road Fund. Provided: That an additional fee of one (1) dollar for the issuance of any such license and of fifty (50) cents for the annual renewal thereof shall be collected from each owner by the said Secretary of State. Provided further: The said fee of one (1) dollar and the said renewal fee of fifty (50) cents, together with all fees hereinbefore provided for and required to be paid for duplicates of tags or plates issued by the Secretary of State, and collected by him, shall be used for the purpose of defraying the expenses incident to the administration of this act in the office of said Secretary of State, and any surplus at the end of the fiscal year shall be turned over to the State Treasurer and credited to said road fund."

The question for our present consideration, then, is, has the legislature by providing for a ten dollar license fee to be covered into the State Road Fund rendered the act void and unconstitutional by violating sec. 16 of art. IV of the State Constitution, which provides that the subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills, etc.?

The aim and necessity of this constitutional provision is apparent. The reason for its existence is a matter of history in nearly all our States. Its purposes as outlined by Mr. Cooley, are:

*First,* to prevent hodge-podge or "log-rolling" legislation; *second,* to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles give no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and *third,* to fairly apprise the people of the subjects of legislation in order that they may have opportunity of being heard thereon.

Cooley's Const. Lim. (7th Ed.) 205.

Concerning the particularity required in stating the object of the bill, Mr. Cooley says that the general purpose of such constitutional provisions is accomplished when a law has but one general object, which is fairly indicated by its title; that to require every end and means necessary or convenient for the accomplishment of this general object to be provided for by a separate act relating to that alone, would be unreasonable and render legislation impossible.

Cooley's Const. Lim. 205.

Bearing in mind that there is a general disposition to construe this constitutional provision liberally, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted, (Cooley's Const. Lim. 209) we will pass to the consideration of whether this act of the legislature of 1912, (chap. 28) is objectionable be-

cause it contains more than one subject not clearly expressed in the title.

The great variance as to facts involved in the numerous cases we have examined leave us without many precedents to which we can point for the purpose of illustrating the principle which we have concluded is controlling as to this phase of the case.

We have found that a number of the State Constitutions contain the word *object* in the sections similar to the one here under consideration, while others contain the word *subject*. The Constitution of the State of Texas formerly contained the word *object* in its section upon this subject, and a later convention substituted the word *subject* therefor, which corresponds with our provision.

Judge Bonner, in Stone v. Brown, 54 Texas 341, observes that,

"It may be presumed that the convention has some reason for substituting a different word from that which had been so long in use in this connection and that in the light of judicial expressions the word 'subject' may have been substituted as less restrictive than 'object.'"

While appellee is not clear in his contention upon this first ground of the demurrer, we assume that the dual subjects referred to by him are to be classified as an attempted exercise of the police power by the general provision with respect to licensing automobiles, which clearly come within the title of the act, and an attempt at taxation for general revenue which it may be contended could not be included within the purview of the subject as expressed in the title of this act.

In our opinion, the true test of the validity of a statute under this constitutional provision is: Does the title fairly give such reasonable notice of the subject matter of the statute itself as to prevent the mischief intended to be guarded against? If so, the act should be sustained. The reason of the rule not applying to such cases the rule itself does not apply.

Mr. Cooley says:

"The generality of a title is therefore no objection to it

so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be construed as having a necessary or proper connection."

Cooley's Constitutional Lim. 206.

The subject of the act of 1912 was "to provide for State license on automobiles." The disposition of the funds resulting from the collection of the license was perhaps even a necessary part of the act and certainly is not incongruous to the subject expressed in the title.

In the case of Fahey v. State, 27 Tex. App. 159, it was conceded that the object of the acts was to regulate the sale of intoxicating liquors, to collect revenue, and divers other purposes and objects, but it was held that unless there was more than one subject in the act it was constitutional. It was further held in the same case that if there be more than one subject mentioned in the act, if they be germane or subsidiary to the main subject, ·or if relative directly, or indirectly, to the main subject, having a mutual connection, and not foreign to the main subject, or so long as the provisions are of the some nature and come legitimately under one general denomination or subject, the act cannot be held unconstitutional.

We fully agree with the views quoted, and are of the opinion that the act of 1912, chap. 28, did not contain more than one general subject, or at least that the subject was germane to that expressed in the title, if we concede, for the purpose of argument, that two subjects were included in the act. See,

Com. ex rel. Appellant v. Gregg, 161 Pa. 586;

Black's Const. Law, pp. 382 and 384;

David's Law of Automobiles, sec. 31.

(2) The second ground of the demurrer was that the act in question, chap. 28, Session Laws 1912, is void as imposing a tax that is not equal and uniform, and is violative of ·sec. 1 of art. VIII of the Constitution, in that the rate of taxation is not equal and uniform as to all vehicles, but is an arbitrary exaction levied upon all automobiles regardless of value.

The third ground of the demurrer raises the question of double taxation. These objections falling under a general classification, will be considered together.

In the case of State v. Swagerty, 203 Mo. 517, 10 L. R. A. (N. S.) 601, the principal objection urged against the act was that it was a special law, because it legislated only upon automobiles and did not attempt to legislate upon all vehicles using the public highways. The court held that the act applied to and affected alike all members of the same class and was, therefore, a general and not a special law. A similar holding was had in the case of Christy v. Elliott, 216 Ills. 31, 1 L. R. A. (N. S.) 215.

See, David's Law of Motor Vehicles, secs. 30 and 42;
Huddy's Law of Automobiles, p. 42.

In the matter of double taxation, we believe that the case of Cleary v. Johnson, (N. J.) 74 Atl. 538, comes nearest to meeting conditions similar to those of the case now before us. In that case it was held that a legislative enactment providing for the payment of an annual fee for the registration of an automobile could not be regarded as double taxation, and therefore unconstitutional. We desire to quote, with approval, somewhat extensively from this opinion; the Court said, in this connection:

"Now the ground of differentiation, insisted upon by the counsel for the plaintiff in certiorari, between the former and the present act, is that, while the former act provides for a $1 license fee imposed by force of the police power residing in the state, the present fees are imposed as a tax for the purpose of revenue. Regarding this point, it is to be remarked that there is nothing in the record brought up which exhibits the legitimate expenses to which the state is put in its course of registering, regulating, and licensing automobiles. The evidence upon which the writ was allowed is not evidential upon this hearing. If it could be resorted to, the facts stated do not show that the charges are so unreasonably in excess of the cost of regulating and supervising automobiles as to compel us to say that the charges are not regulative. The state furnishes a central office, official assistance, clerical force, and legal ad-

vice by the Attorney General's office, for which no separate charges are made, but which indirectly are an expense to the state. It does not follow that the amounts paid for certain specific services by certain officers represent all the cost and expense to which the state is subjected. Therefore the fact that receipts from fees for registration and for licenses largely exceed the sum specifically charged for the maintenance of the automobile department does not prove that the fees are extortionate for regulative purposes. Nor would the fact that the public treasury is incidentally augmented by the fees paid for automobile registration and licenses have the effect of making such registration and license fees a tax. Berry, Laws of Automobiles, par. 86, and cases cited. Nor do the provisions of paragraph 37, already exhibited, demonstrate that the fees imposed are beyond the limits of regulative charges. It does not follow that, because all the receipts from the automobile department are paid over to the commissioner of public roads, the cost to the state for the regulation of automobiles may not proximate the sum so paid. The cost of maintaining the automobile department, as already remarked, is in a degree entangled with the cost of maintaining other departments, and such cost may be paid out of any state fund, while the specific receipts from the automobile department may be paid into the general state fund. For an instance, the fact that all license fees are paid into the school fund for the amount for which they are assessed and the cost of the regulation is paid out of a general revenue raised by tax, is of no consequence in determining the character of the fee. State ex rel v. Hudson, 78 Mo. 302; State v. Hipp, 38 Ohio 199. So it does not appear that the fees fixed are taxes for revenue. Regarding them as fees for the purpose of regulating, they fall within the rule laid down in the case of Enwen v. State, supra; but, *if the imposition is to be regarded as license fees imposed for revenue, it does not follow that the imposition of such fees is beyond the power of the Legislature.*"

It will be noted from the foregoing that the facts in

State v. Ingalls, 18 N. M. 211

evidence were not deemed sufficient to indicate that the statute was a revenue measure; in a later New Jersey case, however, this issue was squarely before the court. The case being Kane v. State, 80 Atl. 453, and from the opinion we quote the following:

"The first contention made in his behalf is that the automobile law of 1908 is invalid, because the license fees exacted by it are not limited to the cost of registration and inspection, and the act is therefore intended as a revenue measure. In Cleary v. Johnston, supra, the proofs submitted were not considered by the Court to be demonstrative that the statute was a revenue measure; the Court, however, pointed out that if such was conceded to be its object the law was nevertheless not invalid on that account, for the reason that the imposition of license fees for revenue purposes was clearly within the sovereign power of the state. We agree with counsel of the plaintiff in error that the proofs taken in the present case satisfactorily show that the present automobile law is a revenue measure, but hold, in accordance with the view expressed by the Supreme Court and above adverted to, that in passing it the legislature was fully within the powers conferred upon it by the Constitution."

It is also laid down in 37 Cyc. 753, 754, that,

"Double taxation in the objectionable and prohibited sense exists only where the same property is taxed twice when it ought to be taxed but once, and to consider such double taxation the second tax must be imposed upon the same property by the same state or government during the same taxing period."

We fully agree with the enunciation of general principles just quoted, and with the further rule that there is no constitutional objection to the levy of a license tax for the privilege of carrying on a particular business and at the same time a tax on the property employed in the business.

37 Cyc. 754;

State v. Jones, 9 Idaho 693, 75 Pac. 819;

St. Louis v. Bircher, 7 Mo. App. 169;

Morgan v. Com., 98 Virginia 812, 35 S. E. 448.

In the case of. Kane v. State, supra, (80 Atl. 453), it was contended, as is also contended in the case now under consideration, that the imposition of a license tax is a property tax, and invalid because it is imposed without regard to the value of the property upon which it is laid. We fully concur in the holding there made that the charac- ter of the imposition is not to be determined by the mode adopted in fixing its amount, but that the imposition is a license or privilege tax charged in the nature of compen- sation for the damage done to the roads of the state by the driving of these machines over them, and is properly based, not upon the value of the machine, but upon the amount of the destruction caused by it.

With respect to the contention of the appellee that the act in question is unconstitutional in that it denies to automobile owners the equal protection of the law, we find that the controlling principle in this connection is that the requirement of equality and uniformity in taxation applies only to taxes in the proper sense of the word, levied with the object of raising revenue for general pur- poses, and not to such as are an extraordinary and ex- ceptional kind, and is, under a constitutional provision providing for equality in taxation, to be restricted to taxes on property, as distinguished from such as are levied on occupations, business or franchises, and as distinguished also from exactions imposed in the exercise of the police power rather than that of taxation.

37 Cyc. 731.

It has been held that a license is not a tax on property, and, therefore, is not affected by statutory provisions for ascertaining the value for purposes of taxation.

Fla. Cen. & P. Railway Co. v. Columbia, 54 S. C. 266.

Clearly our statute (chapter 28, S. L. 1912) could not be held to conflict with our constitutional provision with respect to equality and uniformity under the au- thorities holding that the constitutional provision is

restricted to a property tax, with which conclusion we agree.

We have fully considered the remaining grounds of the demurrer, but do not consider it necessary to discuss these questions.

We conclude that the demurrer should have been over-ruled, and that the judgment of the District Court must be reversed, and the cause remanded with instructions to overrule the demurrer, and it is so ordered.