457 P.2d 380

In the Matter of the **ESTATE** of
Joe **WELCH,** Deceased.

**SPRINGER CORPORATION,** Appellant,

v.

Dortha **WELCH,** Administratrix of the Estate of Joe Welch, Deceased; J. Marie Welch, individually and as guardian and next friend of Ronald Von Welch, a minor; and Loretta Jo Thomas, individually, Appellees.

No. 8809.

Supreme Court of New Mexico.
July 28, 1969.

**449**

Keleher & McLeod, Michael L. Keleher, Albuquerque, for appellant.

Fred Boone, Portales, for appellee Dortha Welch.

Edward J. Apodaca, Albuquerque, for appellees J. Marie Welch and Loretta Jo Thomas.

## OPINION

TACKETT, Justice.

Dortha Welch was appointed administratrix of the estate of Joe Welch on March 25, 1968, by order of the District Court of Roosevelt County, New Mexico. Notice of the appointment was first published in the Portales News Tribune on March 28, 1968. Springer Corporation filed a proof of claim against the estate on September 25, 1968. Thereafter, the administratrix and heirs filed motions to dismiss the claim for Springer's failure to comply with §§ 31–8–2 and 31–8–3, N.M.S.A., 1953 Comp., in that no notice of hearing was served on the administratrix within six months from the date of the first publication, as provided by those statutes. The trial court granted the motions and dismissed the claim. Thus, this appeal.

Section 31–8–2, supra, provides:

"It shall be the duty of the probate judge to hear and determine claims against the estate. All such claims shall be stated in detail, sworn to and filed, and five [5] days' notice of the hearing thereof, accompanied by a copy of the claim, shall be served on the executor or administrator, unless the same have been approved by the executor or administra-

tor, in which case they may be allowed by the judge without such notice."

Section 31–8–3 supra, states:

"All claims against the estates of deceased persons not filed *and notice given,* as provided in the preceding section, within six [6] months from the date of the first publication of notice of the appointment of the executor or administrator, *shall be barred.* \* \* \*" (Emphasis added).

Appellant apparently concedes there is support for the trial court's ruling on appellees' motions to dismiss the claim. It is contended, however, that §§ 31–8–2 and 31–8–3, supra, are unconstitutional because the notice of hearing requirement is not clearly expressed in the title to the statutes.

■ With this contention we cannot agree, as we have repeatedly held that every presumption is to be indulged in favor of the validity and regularity of legislative enactments. City of Raton v. Sproule, 78 N.M. 138, 429 P.2d 336 (1967), and cases therein cited. See also, Romero v. Tilton, 78 N.M. 696, 437 P.2d 157 (1967).

■ We cannot say that, in the case before us, we are satisfied beyond a reasonable doubt that the legislature went outside the constitution in enacting the challenged legislation. City of Raton v. Sproule, supra; Romero v. Tilton, supra.

■ This court is committed to the principle that the title to a legislative enactment need not be an index of everything in the act itself, but need only give notice of the subject matter of the legislation and is sufficient if, applying every reasonable intendment in favor of its validity, it may be said that the subject of the legislative enactment is expressed in its title. Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982 (1965), and cases there cited. See also, Aragon v. Cox, 75 N.M. 537, 407 P.2d 673 (1965).

■ Thus, in our view, §§ 31–8–2 and 31–8–3, supra, do not offend Art. IV, § 16, New Mexico Constitution. Silver City

Consolidated School District No. 1 v. Board of Regents, 75 N.M. 106, 401 P.2d 95 (1965). The two statutes under attack here are in pari materia and must be read together. In re Baeza's Estate, 41 N.M. 708, 73 P.2d 1351 (1937).

There are two mandatory steps claimant must take if he would have his claim allowed: (a) Filing a claim; and (b) notice of hearing thereon. We have held that both of these requirements must be met; otherwise, the claim is barred. Buss v. Dye, 21 N.M. 146, 153 P. 74 (1915); In re Landers' Estate, 34 N.M. 431, 283 P. 49 (1929); In re Baeza's Estate, supra; McBeath v. Champion, 55 N. M. 114, 227 P.2d 625 (1951). Compare, Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671 (1952). Claimant failed in requirement (b), supra.

The foregoing makes unnecessary a consideration of whether or not the notice of hearing is procedural.

The decision of the trial court is affirmed. It is so ordered.

MOISE, J., and GERALD D. FOWLIE, D. J., concur.