492 P.2d 1295

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jerry SEGURA, Defendant-Appellant.**

**No. 727.**

Court of Appeals of New Mexico.

Jan. 7, 1972.

Perry S. Key, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

The appeal attacks the propriety of defendant's enhanced sentence as an habitual offender. See § 40A–29–5, N.M.S.A.1953 (Repl.Vol. 6). The enhanced sentence was imposed on the basis that defendant had two felony convictions in New Mexico. There had been two convictions—robbery and aggravated battery. No claim is made that defendant was not the person convicted of these two crimes. Defendant contends the aggravated battery conviction was not a felony. See § 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6, Supp.1971). He asserts that if the aggravated battery conviction is held to be a felony then § 40A–3–5, supra, is unconstitutional.

### Whether the aggravated battery conviction was a felony.

The procedure in connection with an habitual offender charge is set forth in § 40A–29–7, N.M.S.A.1953 (Repl.Vol. 6). The applicable portion of that statute reads: ". . . If the jury finds that the defendant is the same person and that he has in fact been convicted of such previous crimes as charged, . . . then the court shall sentence him to the punishment as prescribed. . . ."

At the hearing before the jury pursuant to § 40A–29–7, supra, the grand jury indictment and the jury verdict in the aggravated battery conviction were read into evidence. At the State's request, the trial court took judicial notice that the aggravated battery conviction was a felony conviction. Subsequently, the trial court instructed the jury "as a matter of law" that the aggravated battery conviction "as set forth in the indictment" was a felony. Consistent with this instruction and with the above quoted statute, the interrogatories required the jury to determine only whether the conviction had occurred and whether defendant was the person convicted.

Defendant contends the verdict in the aggravated battery case did not specify that the conviction was for a felony, that the evidence in the habitual offender proceeding does not support a determination that the aggravated battery conviction was a felony and that the interrogatories answered by the jury in the habitual felony proceeding do not state that the aggravated battery conviction was a felony. None of these contentions are meritorious if the trial court was correct in ruling, as a matter of law, that the aggravated battery conviction was a felony.

The issue is the correctness of the trial court's ruling. Section 40A–3–5, supra, reads:

"A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.

"B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.

"C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony."

The grand jury indictment charged:

"On or about the 1st day of January, 1970, in the County of Bernalillo, State of New Mexico, the said JERRY SEGURA did unlawfully touch or apply force to the person of Eddie J. Lopez, with intent to injure the said Eddie J. Lopez and did so with a deadly weapon, towit: a knife, and did so in a manner whereby great bodily harm or death could be inflicted."

The verdict reads:

"We, the jury, find the Defendant guilty in the manner and form as charged in the Indictment."

The indictment and verdict show that defendant was charged and convicted under subdivision C of § 40A–3–5, supra. Violation of subdivision C is a third degree felony. The trial court's ruling, as a matter of law, was correct.

### Whether Section 40A–3–5, supra, is constitutional.

The constitutional attack is two-fold.

█ First, defendant asserts that § 40A–3–5, supra, enacted by Laws 1969, ch. 137, § 1, violates the provisions of New Mexico Constitution Article IV, § 16. This provision concerns the titles of legislative acts. The applicable portion of this constitutional provision states:

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed . . .; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void. . . ."

Defendant contends that § 40A–3–5, supra, covers two subjects, felonies and misdemeanors, and these subjects are not clearly expressed in the title. We disagree. The title of § 40A–3–5, supra, reads: *"An Act relating to crime; defining aggravated battery; imposing penalties; and amending section 40A–3–5 NMSA 1953. . . ."* The title clearly shows that the subject of the act is aggravated battery and, since "penalties" is plural, that more than one penalty is provided. Although § 40A–3–5, supra, provides that an aggravated battery may be either a misdemeanor or a felony, depending on the circumstances, New Mexico Constitution Article IV, § 16 was not violated. In re Estate of Welch, 80 N.M. 448, 457 P.2d 380 (1969); State v. Thomson, 79 N.M. 748, 449 P.2d 656 (1969); see Bureau of Revenue v. Dale J. Bellamah Corporation, 82 N.M. 13, 474 P.2d 499 (1970).

█ Second, defendant claims § 40A–3–5, supra, is void for vagueness because a defendant's aggravated battery may be ei-

ther a felony or misdemeanor; that it depends entirely on the view of the evidence taken by the trier of facts. This contention was answered adverse to defendant in State v. Chavez, 82 N.M. 569, 484 P.2d 1279 (Ct.App.1971).

The enhanced sentence is affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.