525 P.2d 866

Arsenio J. MARTINEZ, Plaintiff-Appellee,

v.

Carlos JARAMILLO, Director of Department of Alcoholic Beverage Control, and the Department of Alcoholic Beverage Control of the State of New Mexico, Defendants-Appellants,

v.

Billie Ruth SIMPSON and C. W. Ritter, Effie R. Diffenderfer, William Walter Oliver, T. J. Paulos, Tower Corporation, Jim Strickland, Rito DeLaGarza, Fausto Noche, Julio P. Marchiondo, James P. Erwin and Lillian Erwin, Roscoe B. Hood and Donald E. Shuck and Helene Shuck, Intervenors-Appellees.

No. 9721.

Supreme Court of New Mexico.

Aug. 23, 1974.

David L. Norvell, Atty. Gen., Roy G. Hill, Sp. Asst. Atty. Gen., Santa Fe, for defendants-appellants.

Sherman & Sherman, Deming, for intervenors-appellees Diffenderfer, Oliver, Paulos, Tower Corp., Strickland, DeLaGarza and Noche.

William C. Erwin, Raton, Shipley, Durrett, Conway & Sandenaw, Alamogordo, for intervenors-appellees Simpson, Ritter, Erwin, Hood and Shuck.

## OPINION

MONTOYA, Justice.

This case began in the District Court of Santa Fe County when suit was brought by the plaintiff Arsenio J. Martinez to seek injunctive relief from the enforcement of the provisions of § 46–10–14.1, N.M.S.A., 1953 (Repl.Vol. 7, 1966, 1973 Pocket Supp.), by defendants Carlos Jaramillo, Director of the Department of Alcoholic Beverage Control, and The Department of Alcoholic Beverage Control of the State of New Mexico, as that section related to Sunday liquor sales by the plaintiff. A temporary restraining order was issued. Several parties similarly situated as the plaintiff were allowed to intervene. After hearing the matter, the trial court granted permanent injunctive relief, and the defendants appealed.

The facts pertinent to a review of this case are as follows. The plaintiff and plaintiffs in intervention are all owners and/or operators of valid dispenser's licenses and Sunday sales permits granted under the laws of the State of New Mexico. The places of business of the plaintiff and each of the intervenors are located within local option districts. After a local option election was held in each of the local option districts, pursuant to § 46–10–14.1, supra, in which the places of business which are the subject of this suit are located, less than a majority of those voting in each of the districts approved Sunday sales in each district. Following the local option elections, the defendants notified the plaintiff and intervenors that they could no longer sell alcoholic beverages on Sunday, and that the Liquor Control Act would be enforced against each of them. After the above notice was given, this action was filed.

The trial court declared that ch. 30, § 1(D), Laws 1971, (§ 46–10–14.1, supra), was unconstitutional and void and permanently enjoined the defendants from enforcing such portion of the Act against the plaintiff and intervenors. From such ruling defendants appeal.

The defendants contend that the trial court erred when it concluded that ch. 30, § 1(D), Laws 1971, supra, is unconstitutional. Under this point defendants attack the conclusions of law made by the trial court. In declaring a portion of the Act unconstitutional, the trial court held it was vague and indefinite

"1. * * * in failing properly, clearly, and definitely to define 'local option district' with the result that it cannot be applied and enforced with constitutionally acceptable certainty."

It further concluded that its enforcement would result in a denial of due process and equal protection of the laws; that the statute contains and makes classifications

without any proper or reasonable basis and violates the New Mexico Constitution.

In its conclusion of law No. 4, the trial court further held that:

"The title to said act does not include local option elections and is not broad enough to give notice of the subject matter actually contained in Paragraph D of Section 1 of Chapter 30 of the Laws of 1971 as required by New Mexico Constitution, Article IV, Section 16."

We will discuss this conclusion only as we deem it dispositive of the action.

The title to ch. 30 in question herein reads as follows:

"RELATING TO ALCOHOLIC LIQUORS; REPEALING SECTION 46–10–14.1 NMSA 1953 (BEING LAWS 1969, CHAPTER 176, SECTION 1 AND CHAPTER 280, SECTION 1); ENACTING NEW SECTION 46–10–14.1 NMSA 1953 PERTAINING TO THE HOURS AND DAYS OF BUSINESS."

Paragraph (D) of § 1 of the said Act, which the trial court invalidated, reads as follows:

"D. At the first statewide election following the effective date of this section, the secretary of state shall order placed on the ballot in each local option district the question 'Shall Sunday Sales of alcoholic liquor be made in this local option district?' If approved by less than a majority of those voting upon the question, Sunday Sales shall cease in that local option district upon certification of the election returns and the question shall not again be placed on the ballot in that local option district:

"(1) until at least one year has passed; and

"(2) a petition is filed with the secretary of state bearing the signatures of registered qualified voters of the local option district equal in number to ten per cent of the number of voters of the local option district who voted for the office of governor at the general election for that office held next preceding the filing of the petition."

The specific challenge is that the title to the Act does not include local option elections and is not broad enough to give notice of the subject matter contained in paragraph (D), supra, and therefore contravenes N.M.Const., art. IV, § 16, the pertinent portion of which provides:

"The subject of every bill shall be clearly expressed in its title, * * *; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void. * * *"

In Bureau of Revenue v. Dale F. Bellamah Corporation, 82 N.M. 13, 15, 474 P.2d 499, 501 (1970), we stated as follows:

"* * *. As early as 1913, in State v. Ingalls, 18 N.M. 211, 135 P. 1177 (1913), this court set forth the test to be applied in adjudging an alleged violation of N.M.Const. art. IV, § 16, supra. There, the court said:

" 'In our opinion, the true test of the validity of a statute under this constitutional provision is: Does the title fairly give such reasonable notice of the subject-matter of the statute itself as to prevent the mischief intended to be guarded against?' 18 N.M. at 219, 135 P. at 1178.

The mischief to be prevented was hodge-podge or log-rolling legislation, surprise or fraud on the legislature, or not fairly apprising the people of the subjects of legislation so that they would have no opportunity to be heard on the subject. State v. Thomson, 79 N.M. 748, 449 P.2d 656 (1969); State v. Ingalls, supra. In applying this test, every presumption is indulged in favor of the validity of the act. In re Estate of Welch, 80 N.M. 448, 457 P.2d 380 (1969), Silver City Consol. Sch. Dist. No. 1 v. Board of Regents, 75 N.M. 106, 401 P.2d 95 (1965). Since each case wherein the sufficiency of the title to a legislative

act is questioned must be decided on its own set of facts and circumstances, Albuquerque Bus Co. v. Everly, 53 N.M. 460, 211 P.2d 127 (1949); State v. Gomez, 34 N.M. 250, 280 P. 251 (1929), we must carefully examine the history of the statutes in question and closely examine the titles and bodies thereof."

The legislative history of the Act reveals that it was introduced as House Bill 140 and contained the same title as set forth above and three subparagraphs to § 1, being paragraphs A, B and C, and a § 2 which was the emergency clause. Thereafter, a House Ways and Means Committee Substitute for House Bill 140 was introduced revising § 2 of the original Act to provide for the payment of an additional fee of $100 for a Sunday sales permit. There was no change in the title. Subsequently, during the consideration of the bill by the legislature there was a House Floor Amendment to the House Ways and Means Committee Substitute for House Bill 140, as amended, adding a new sub-section "D" which is paragraph D of § 1 of the Act, as set forth above. There was no change in the title of the Act whatsoever.

The title of the Act, while containing the general language that it is an Act "relating to alcoholic liquors," goes on to say that it repeals § 1 of both ch. 176 and ch. 280, Laws 1969, and then states that it pertains to the hours and days of business. It is interesting to note that ch. 176 was also an Act relating to alcoholic liquors and prohibited the sale of liquor during Christmas Day, while ch. 280 likewise related to alcoholic liquors, but provided for countywide local option for Sunday sales in certain counties, and by another section provided for Sunday sales at certain racetracks. A portion of ch. 280 providing for countywide local option for Sunday sales in certain counties was declared unconstitutional in the District Court of Santa Fe County, and no appeal was taken from that part of the judgment declaring that section invalid. We mention the laws intended to be repealed by the Act, because the title of the Act being repealed specifically stated in the title of ch. 280, Laws 1969, that it was "AN ACT * * * PROVIDING FOR COUNTY-WIDE LOCAL OPTION FOR SUNDAY SALES IN CERTAIN COUNTIES; * * *." See State ex rel. Maloney v. Sierra, 82 N.M. 125, 477 P.2d 301 (1970), where the title to the Act being repealed is fully set out. In Munroe v. Wall, 66 N.M. 15, 18, 340 P.2d 1069, 1070 (1959), we said:

"One guide in the construction of a statute that has been found to be most useful to the courts is the consideration of the history and prior condition of a particular law. * * *"

See also Bradbury & Stamm Const. Co. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808 (1962).

We must, therefore, consider whether the title to ch. 30 of the Act in question is such as to tend to mislead or fail to give reasonable notice of the subject matter of the statute itself, and does it meet the test set forth in Bureau of Revenue v. Dale F. Bellamah Corporation, supra. In that case we reviewed the prior decisions of this Court concerned with the construction of the Constitutional provisions regarding titles of statutes and quoted approvingly from Taylor v. Frohmiller, 52 Ariz. 211, 217, 79 P.2d 961, 964 (1938), as follows (82 N.M. at 16, 474 P.2d at 502):

"* * *:

" 'Had the title of the act stopped at the first comma, it would have been broad in its scope, and one who read the title would have been advised thereby that any matter relating to unemployment compensation might be found in the body of the act. But the title further states that it is amendatory of certain named sections of a certain specified act. *We think the natural reaction of one who read the title would be that the only portions of chapter 13 which were to be amended were the particular sections set forth in the title of the act, and that he*

*would be led to believe that any amendments to be made to chapter 13 contained nothing which was not germane to the matters dealt with in the sections named.* * * *' (Emphasis added.)

"* * *. Here, as in Frohmiller, if the title had stated only 'An Act Relating to Taxation,' it would have been broad in scope, and perhaps alerted its readers to anticipate anything in that field, but we cannot say that the subject embraced in the act is expressed in the title if the reader is misled. The natural reaction of the reader is to conclude that the specific references in the title limits the broad subject. * * *"

Applying the foregoing principles enunciated by this Court in the Bellamah case, supra, the natural reaction in the examination of the title would lead to the conclusion that the specific references in the title to the laws intended to be repealed by the Act in question, and the title itself renders the title a restrictive one and limits the broad subject of alcoholic liquors. The title here being restrictive in nature, the matter of local option district elections cannot be considered germane to the subject matter expressed in the title. We cannot say that local option district elections are germane to the hours and days of business for the sale of alcoholic beverages. There is nothing contained in the title that could alert the reader that such elections as are provided in the body of the Act were contemplated. We cannot conclude that local option district elections have a logical and natural connection with the hours and days of business for the sale of alcoholic beverages. Compare Johnson v. Greiner, 44 N.M. 230, 101 P.2d 183 (1940).

Therefore, pursuant to the provisions of the N.M.Const., art. IV, § 16, we must eliminate sub-paragraph D of § 46–10–14.1, supra, as being void and invalid. This portion of the Act being severable, the remaining provisions of the Act remain in full force and effect.

We deem it unnecessary to consider the other objections that were raised.

The judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and OMÀN, J., concur.