690 P.2d 1032

**CITY OF ALBUQUERQUE,**
Petitioners-Appellees,

v.

**STATE of New Mexico,**
Defendants-Appellants.

No. 15627.

Supreme Court of New Mexico.

Nov. 19, 1984.

Gary O'Dowd, City Atty., James P. Fitzgerald, Asst. City Atty., Albuquerque, for petitioners-appellees.

Paul Bardacke, Atty. Gen., Kevin V. Reilly, Asst. Atty. Gen., Santa Fe, for defendants-appellants.

**OPINION**

FEDERICI, Chief Justice.

The facts in this case are undisputed, and it is not necessary to set them out separately. The only issue presented on appeal is a question of law: whether 1979 N.M. Laws, Chapter 319 is unconstitutional insofar as it attempts to amend NMSA 1978, Section 3–21–6. It is our opinion that Chapter 319, Section 1, which is the portion of Chapter 319 that purports to amend NMSA 1979, Section 3–21–6, is unconstitutional because it violates N.M. Const. Article IV, Section 16.

The title to Chapter 319 reads:

RELATING TO COMMUNITY DEVELOPMENT; AMENDING SECTION 3–60–25 NMSA 1978 (BEING LAWS 1975, CHAPTER 341, SECTION 25) TO PROVIDE FOR NOTICE TO REAL PROPERTY OWNERS.

Nowhere does the title refer to Section 3–21–6.

N.M. Const. Article IV, Section 16 provides:

The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not so expressed shall be void.

Article IV, Section 16 of the New Mexico Constitution has been interpreted by the New Mexico courts many times and the guidelines for its application are firmly established. The cardinal test for interpreting Article IV, Section 16, is whether the title of the act in question gives reasonable notice of the subject matter of the body of the act. *State v. Ingalls*, 18 N.M. 211, 135 P. 1177 (1913). The purpose of Article IV, Section 16 is to prevent "hodgepodge or log-rolling legislation, surprise or fraud on the legislature," and the enactment of legislation "not fairly apprising the people of the subjects of legislation so that they would have no opportunity to be heard

**40**

on the subject." *Martinez v. Jaramillo,* 86 N.M. 506, 508, 525 P.2d 866, 868 (1974) (citations omitted).

The New Mexico courts have consistently held that when the title of a legislative act specifically pinpoints statutory sections which are to be amended by the act, but the title fails to set out a wholly unrelated statutory section which also is amended by the act, there is a clear violation of Article IV, Section 16. *See, e.g., State v. Candelaria,* 28 N.M. 573, 215 P. 816 (1923).

In *State ex rel. Salazar v. Humble Oil and Refining Co.,* 55 N.M. 395, 234 P.2d 339 (1951), this Court determined that the statute challenged in that case was unconstitutional and void in violation of Article IV, Section 16. This Court stated:

> The title of the amending act could have been in general terms and yet would have been sufficient *but here there was an attempt to amend specifically by pinpointing in the title of the amending act of 1949 the sections in the 1937 act which were to be changed and amended.* The title of the 1949 amending act certainly was misleading, because the act itself went far beyond anything revealed by the title when it amended Sec. 4.

*Id.* at 419, 234 P.2d at 355 (emphasis added).

In *Salazar* we quoted extensively from the reasoning set out in the case of *Taylor v. Frohmiller,* 52 Ariz. 211, 79 P.2d 961 (1938), in which the Supreme Court of Arizona stated:

> [W]hen it appears from the title of the act that certain specific provisions of another act are to be amended, the body of the amending act may contain only matter which is reasonably germane to the subject matter of the sections which are stated by the title to be the subject of amendment, and may not go to the extent of amending sections not named in the title and which refer to matters not naturally connected with the subject matter of the particular sections which are to be amended.

*Id.* at 217–18, 79 P.2d at 964. *See also Bureau of Revenue v. Dale J. Bellamah Corp.,* 82 N.M. 13, 474 P.2d 499 (1970).

■ The title of the act in question refers to a specific act, the Community Development Act. The provisions of the Community Development Act, NMSA 1978, Sections 3–60–1 to –37 (Repl.Pamp.1984) (enacted by 1975 N.M. Laws, Chapter 341), are in no way related to NMSA 1978, Section 3–21–6, which Chapter 319, Section 1 purports to amend. Section 3–21–6 is a part of the zoning enabling legislation, which is contained in NMSA 1978, Sections 3–21–1 to –26 (Orig.Pamp. and Cum.Supp.1984) (enacted by 1965 N.M. Laws, Chapter 300).

The challenged title refers only to the amendment of a single specific section of the Community Development Act. It makes no reference to Section 3–21–6, concerning zoning enabling legislation. The title not only fails to provide *reasonable* notice of the contents of Chapter 319, Section 1, it fails to provide *any* notice of the contents of Section 1. The title provides no means of ascertaining that the act amends anything but a single section of the Community Development Act, which is amended by Section 2.

The title to Chapter 319 clearly violates Article IV, Section 16 of the New Mexico Constitution which requires that the subject of any act shall be embraced in the title of the act. The subject matter of Chapter 319, Section 1, amending Section 3–21–6, is not referred to in the title to the act; therefore, Section 1 of Chapter 319 is unconstitutional, void and of no effect.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS and WALTERS, JJ., concur.

RIORDAN, J., dissenting.

RIORDAN, Justice, (dissenting).

I agree that this matter is a question of law that can be disposed of by summary judgment. However, I believe that the tri-

al court was incorrect and the title of the legislation gives adequate notice that it amends the law in question.

We just recently decided a similar case that I believe controls this case. *United States Brewers Association, Inc. v. Director of New Mexico Department of Alcoholic Beverage Control,* 100 N.M. 216, 668 P.2d 1093 (1983).

I would reverse the trial court and uphold the constitutionality of NMSA 1978, Section 3–21–6.